# No. 17-41150

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

UNITED STATES OF AMERICA,
Plaintiff - Appellee

v.

LUIS MANUEL SORIA,
Defendant - Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Texas, Sherman Division
U.S.D.C. No. 4:13-cr-000281-11

_____

## BRIEF FOR APPELLANT LUIS MANUEL SORIA
_____

June 11, 2018

JOHN A. KUCHERA
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

i

## **Certificate of Interested Persons**

The undersigned counsel of record for Appellant certifies that the following interested parties have interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualifications or recusal in accordance with Local Rule 28.2.1:

Amos L. Mazzant, III; U.S. District Judge (also U.S. Magistrate Judge), 101 East Pecan, Sherman, Texas 75090

Ernest Gonzalez, AUSA, (also Government Appellate Counsel) 101 East Park Boulevard, Suite 500, Plano, Texas 75074

Allen H. Hurst, AUSA, 110 North College Avenue, Suite 700, Tyler, Texas 75702

John Hunter Smith, Appellant's Trial Counsel, 707 West Washington Street, Sherman, Texas 75092

John A. Kuchera, Appellant's Appellate Counsel, 210 N. 6th Street, Waco, Texas 76701

/s/ John A. Kuchera

John A. Kuchera
Attorney for Luis Manuel Soria

## **Statement Regarding Oral Argument**

Undersigned counsel has been appointed under the Criminal Justice Act (CJA) to represent Appellant on appeal.  Therefore, the internal operating procedures of this Court makes oral argument mandatory unless, after examination of the briefs and record, a three-judge panel of this Court shall be unanimously of the opinion that (1) this appeal is frivolous, (2) the dispositive issue or set of issues has been authoritatively decided or (3) the facts and legal arguments are adequately presented in the briefs and record and the decision process would not be significantly aided by oral argument.  See Rule 34(a), Federal Rules of Appellate Procedure, Local Rule 34.8 and IOPs Fifth Circuit Rules & IOPs.

/s/ John A. Kuchera
John A. Kuchera
Attorney for Luis Manuel Soria

## Table of Contents

**Page**

Certificate of Interested Persons ii

Statement Regarding Oral Argument iii

Table of Contents iv-v

Table of Authorities vi-viii

Statement of Jurisdiction ix

Statement of Issues Presented x

Statement of the Case 1-2

Summary of the Argument 3-4

Argument and Authorities

  1. The Government breached the plea agreement by failing to move for 5-12
a downward departure pursuant to § 5K1.1 of the Sentencing Guide-
lines, given that the Government's decision was not rationally related
to any legitimate Government end.

    *(a) Benefit promised by the Government in the plea agreement* 5
    *(b) Plea agreement breach* 5-7
    *(c) Standard of review* 7-8
    *(d) Analysis* 8-12
    *(e) Effect of appeal waiver* 12

  2. Alternatively, the district court assessed a substantively unreasonable 13-18
sentence by (1) failing to give sufficient weight to Soria's assistance to
the Government in the investigation and prosecution of other cases, (2)
giving too much weight to the fact that Soria had absconded, and (3)
failing to consider Soria's age.

*(a) Standard of review*      13
*(b) Error preservation*      14-15
*(c) Analysis*      15-18

3. Soria's waiver of appeal should not be enforced because the district court did not follow the plea agreement.      18-21

*(a) Background*      18-19
*(b) United States v. Self*      19-21
*(c) Analysis*      21

Relief Sought      22

Certificate of Service      23

Certificate of Compliance      23

# Table of Authorities

**Page(s)**

**Cases**

*Blackledge v. Allison*,
  431 U.S. 63 (1977)..................................................................................10

*Puckett v. United States*,
  556 U.S. 129 (2009)..................................................................................6

*Santobello v. New York*,
  404 U.S. 257 (1971)..................................................................................6

*United States v. Baker*,
  538 F.3d 324 (5th Cir. 2008) ....................................................................7

*United States v. Baymon*,
  312 F.3d 725 (5th Cir. 2002) ..................................................................12

*United States v. Cantu*,
  185 F.3d 298 (5th Cir. 1999) ....................................................................6

*United States v. Castaneda*,
  162 F.3d 832 (5th Cir. 1998) ....................................................................8

*United States v. Elashyi*,
  554 F.3d 480 (5th Cir. 2008) ....................................................................7

*United States v. Escobedo*,
  757 F.3d 229 (5th Cir. 2014) ....................................................................6

*United States v. Freemont*,
  513 F.3d 884 (8th Cir. 2008) ..................................................................11

*United States v. Gutierrez*,
  635 F.3d 148 (5th Cir. 2011) ..................................................................13

*United States v. Gutierrez-Hernandez*,
  581 F.3d 251 (5th Cir. 2009) ..................................................................13

*United States v. Hawkins*,
  274 F.3d 420 (6th Cir. 2001) ..................................................................11

*United States v. Hebron*,
  684 F.3d 554 (5th Cir. 2012) .................................................................8

*United States v. Hernandez*,
  17 F.3d 78 (5th Cir. 1994) .....................................................................7

*United States v. Howard*,
  773 F.3d 519 (4th Cir. 2014) ...............................................................17

*United States v. Hunter*,
  835 F.3d 1320 (11th Cir. 2016) ...........................................................11

*United States v. Keresztury*,
  293 F.3d 750 (5th Cir. 2002) ...........................................................6, 12

*United States v. Lewis*,
  476 F.3d 369 (5th Cir. 2007) .................................................................7

*United States v. Munoz*,
  408 F.3d 222 (5th Cir. 2005) .................................................................6

*United States v. Olano*,
  507 U.S. 725 (1993)...............................................................................8

*United States v. Payton*,
  754 F.3d 375 (6th Cir. 2014) .........................................................17, 18

*United States v. Quintana-Gomez*,
  521 F.3d 495 (5th Cir. 2008) .................................................................8

*United States v. Rexach*,
  896 F.2d 710 (2d Cir. 1990) .................................................................6

*United States v. Robinson*,
  741 F.3d 588 (5th Cir. 2014) ...............................................................17

*United States v. Rose*,
  176 F. Supp. 2d 661 (N.D. Tex. 2001) ...............................................10

*United States v. Sanchez*,
  667 F.3d 555 (5th Cir. 2012) ...............................................................13

*United States v. Self*,
   596 F.3d 245 (5th Cir. 2010) ................................................................19, 20, 21

*United States v. Skidmore*,
   998 F.2d 372 (6th Cir. 1993) ................................................................21

*United States v. Torres-Perez*,
   777 F.3d 764 (5th Cir. 2015) ................................................................15

*United States v. Urbani*,
   967 F.2d 106 (5th Cir. 1992) ................................................................5

*United States v. Valencia*,
   985 F.2d 758 (5th Cir. 1993) ................................................................7

*United States v. Van Thournout*,
   100 F.3d 590 (8th Cir. 1996) ................................................................6

*United States v. Williams*,
   821 F.3d 656 (5th Cir. 2016) ................................................................7, 8

*Wade v. United States*,
   504 U.S. 181 (1992) ................................................................5

**Statutes and Sentencing Guidelines**

18 U.S.C. § 3553(a) ................................................................13, 18

U.S.S.G. § 1B1.1(a)(3) ................................................................10

U.S.S.G. § 1B1.1(a)(5) ................................................................10

U.S.S.G. § 1B1.1(b) ................................................................10

U.S.S.G. § 2D1.1 (b)(5) ................................................................15

U.S.S.G. § 5K1.1 ................................................................5, 11, 12, 16, 17

**Other Authorities**

Restatement (Second) of Contracts § 205 (1981) ................................................................6

## Statement of Jurisdiction

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. 18 U.S.C. § 3231. Appellant was charged with violating Title 21 U.S.C. §§ 841(a)(1) and 846. ROA.332-33. The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States. 28 U.S.C. § 1291. Notice of appeal in a criminal case must be filed in the district court within 14 days of the entry of judgment. Fed. R. App. P. 4(b)(1). Appellant was sentenced October 31, 2017. ROA.108, 172. His notice of appeal was filed November 6, 2017. ROA.118-22.

This appeal is from a final judgment.

## **Statement of Issues Presented**

1.  Whether the Government breached the plea agreement by failing to move for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines, given that the Government's decision was not rationally related to any legitimate Government end.

2.  Alternatively, whether the district court assessed a substantively unreasonable sentence by (1) failing to give sufficient weight to Soria's assistance to the Government in the investigation and prosecution of other cases, (2) giving too much weight to the fact that Soria had absconded, and (3) failing to consider Soria's age.

3. Whether Soria's waiver of appeal should be enforced, given that the district court did not follow the plea agreement.

x

**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff—Appellee

v.                                                                  No. 17-41150

LUIS MANUEL SORIA,
Defendant - Appellant

**<u>BRIEF OF APPELLANT LUIS MANUEL SORIA</u>**

TO THE HONORABLE JUDGES OF THE FIFTH CIRCUIT COURT OF APPEALS:

NOW COMES Luis Manuel Soria ("Soria"), Appellant, by and through undersigned counsel, and files this brief pursuant to the Federal Rules of Appellate Procedure.

**<u>Statement of the Case</u>**

Soria was charged in Count Two of a second superseding indictment (filed March 12, 2014), along with forty other individuals, with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine or 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 846.  ROA.332-33.

1

On March 6, 2015, Soria pled guilty to the charged offense in front of the district court pursuant to a plea agreement.[1]  ROA.130, 138, 149, 161-62.

Soria was originally scheduled to be sentenced August 18, 2015 but did not show up.  ROA.168-70, 179.  On October 31, 2017[2], the district court sentenced Soria to 360 months in prison, five years of supervised release, and no fine.  ROA.108-15, 172, 186-87.

Soria's notice of appeal was filed November 6, 2017.  ROA.118-22.  Trial counsel was allowed to withdraw and undersigned counsel was appointed to handle the appeal.  ROA.126.

---

[1] The plea agreement included a waiver-of-appeal provision.  ROA.151-52, 194.
[2] The judgment was signed November 1, 2017.  ROA.108.

**Summary of the Argument**

**Soria's first issue:**  Soria pled guilty pursuant to a plea agreement that called for the Government to move for a downward departure at sentencing if Soria provided substantial assistance.  All parties appear to agree that Soria did provide substantial assistance during the eighteen months he was out on bond.  However, Soria failed to appear at his initial sentencing.  Nonetheless, his absconding did not relieve the Government of its duty to comply with the plea agreement and move for a downward departure.  Because the Government did not so move, it breached the plea agreement.

**Soria's second issue:**  The district court could have reduced Soria's sentence from what it would otherwise have been by taking into account the substantial assistance he provided the Government.  And the court could have done this irrespective of whether the Government moved for a downward departure.  Soria specifically requested a downward variance on this basis (as well as his age).  Not only did the district court completely disregard Soria's substantial assistance and his age, the court (in assessing a 360-month sentence) unduly relied on his absconding, and on facts the court was well aware of before Soria absconded.  Thus, the court imposed a substantively unreasonable sentence.

**Soria's third issue:**  The district court did not completely follow the plea agreement.  The terms of the non-binding agreement provided for a total offense

3

level of 37 and an advisory guideline range of 262-327 months.  The court, however, imposed a 360-month sentence.  Because the court did not fully follow the terms of the plea agreement, Soria is not bound by the waiver-of-appeal provision in the plea agreement.

## Argument and Authorities

**1. The Government breached the plea agreement by failing to move for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines, given that the Government's decision was not rationally related to any legitimate Government end.**

*(a) Benefit promised by the Government in the plea agreement*

The written plea agreement included the following promise by the Government regarding a possible downward departure for substantial assistance:

> If in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others and has otherwise complied with the terms of this agreement, the government may file a motion for downward departure pursuant to U.S.S.G. § 5KI. I or a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). The defendant's cooperation does not automatically require the government to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the government.

ROA.199.  A defendant is entitled to relief if a prosecutor's refusal to move for a downward departure is not rationally related to any legitimate Government end. *Wade v. United States,* 504 U.S. 181, 186 (1992); *United States v. Urbani,* 967 F.2d 106, 110 (5th Cir. 1992).

*(b) Plea agreement breach*

5

"[P]lea bargains are essentially contracts." *Puckett v. United States,* 556 U.S. 129, 137 (2009). Plea agreements contain a duty of good faith and fair dealing. *See United States v. Keresztury,* 293 F.3d 750, 756 (5th Cir. 2002); *United States v. Rexach,* 896 F.2d 710, 714 (2d Cir. 1990); Restatement (Second) of Contracts § 205 (1981). "Allowing the government to breach a promise that induced a guilty plea violates due process." *United States v. Van Thournout,* 100 F.3d 590, 594 (8th Cir. 1996). The government is bound by any material promises it makes to a defendant as part of a plea agreement that induce the defendant to plead guilty. *Santobello v. New York,* 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."); *United States v. Munoz,* 408 F.3d 222, 226 (5th Cir. 2005) (If a defendant pleads guilty as a term of the plea agreement, the government must strictly adhere to the terms of its promises in the agreement.). A plea agreement is to be construed in such a way as "to determine the defendant's reasonable understanding of the agreement and construing ambiguity against the Government." *United States v. Escobedo,* 757 F.3d 229, 233 (5th Cir. 2014). In assessing whether the government violated a plea agreement, the reviewing court considers whether its conduct is consistent with the defendant's reasonable understanding of the agreement. *United States v. Cantu,* 185 F.3d 298, 304 (5th Cir. 1999). The defendant bears the burden of demonstrating facts that

6

establish a government breach by a preponderance of the evidence. *United States v. Lewis,* 476 F.3d 369, 387 (5th Cir. 2007).

When the Government breaches a plea agreement, the defendant has two remedies (generally): (1) specific performance of the agreement and resentencing before a different judge, or (2) withdrawal of his guilty plea. *United States v. Williams,* 821 F.3d 656, 658 (5th Cir. 2016).

### *(c) Standard of review*

The issue of whether the Government's conduct breaches a plea agreement is a question of law. *United States v. Hernandez,* 17 F.3d 78, 80-81 (5th Cir. 1994). Claims of plea agreement breach are generally subject to de novo review. *United States v. Elashyi,* 554 F.3d 480, 501 (5th Cir. 2008). However, because Soria is making this argument for the first time on appeal, review is arguably for plain error. *See United States v. Williams,* 821 F.3d 656, 657 (5th Cir. 2016); *Cf. United States v. Valencia,* 985 F.2d 758, 760 (5th Cir. 1993) ("A breach of a plea agreement constitutes plain error and our review is *de novo*."). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker,* 538 F.3d 324, 332 (5th Cir. 2008). If this showing is made, the forfeited error can be corrected if the reviewing court determines the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

7

*United States v. Quintana-Gomez,* 521 F.3d 495, 497 (5th Cir. 2008) (citing *United States v. Olano,* 507 U.S. 725, 732-34 (1993).   In the context of plea agreement breach analysis, this requires a showing that there is "a reasonable probability that, but for the error, he would have received a lesser sentence."  *Williams,* 821 F.3d at 657-58 (citing *United States v. Hebron,* 684 F.3d 554, 559 (5th Cir. 2012)).

*(d) Analysis*

"[I]f a defendant lives up to his end of the bargain, the government is bound to perform its promises."  *United States v. Castaneda,* 162 F.3d 832, 835-36 (5th Cir. 1998).   All parties (Soria, defense counsel, the Government, and the district court) agreed at sentencing that Soria had lived up to his end of the bargain as to providing substantial assistance:

*Soria*

Well, Your Honor, I want to say I know I made a mistake. I mean, I got scared. At the time that I talked to [defense counsel], he told me that . . . I was doing 262 days [sic], right? Well, to me, *I already cooperated and everything.* To me, sounded like it still was like a lot, like I was getting a lot of time that I, you know, I didn't -- *I thought that as soon as I cooperated, I was going to get like half of my time taken off.* And I still -- *I still went out there and did what I had to do for them,* and at the end of the day, *I thought like I was still getting my sentence of 262 months.*

ROA.183.

*Defense counsel*

8

For a period of 18 months, as outlined, Mr. Soria placed himself in a position for success and to have an opportunity for a shorter sentence. He placed himself in a position where his own safety could have been put in danger.

ROA.180.

He got scared. He didn't show up. And once he crossed that line, he could never turn back, and he now stands here two years later, over two years later. *Had he been present here in court, his sentence the recommended sentence was going to be 262 months.* It is my belief at that time or at some time after, this Court would have considered a departure in this case, and that departure would have been anywhere from about *131 months at the low end up to 175 months*, depending on the recommendations of Mr. Gonzalez[.]

ROA.179-80.

*District court*

And, of course, your counsel has asked the Court to basically do a variance, and *what's unfortunate in your situation is that you were looking at a lower range and the reality is that that sentence itself would have probably been cut because of your cooperation*[.]

ROA.184.

But then you have your role in this conspiracy. You had a significant role in the conspiracy and it involved a significant amount of drugs. And then *you were given the opportunity to cooperate, which you did,* and you were given a bond, and you violated that bond by absconding.

ROA.185.

*Government*

[H]e was given the opportunity by the Government to cooperate, he was given the opportunity by the Court to be out on bond for that purpose, and he violated that trust that the Court put on him and that the Government put on him. . . . *Every day that he met with the agents, in*

9

> *his cooperation with the agents,* he was admonished that if he violated
> or he committed any offenses, there would be severe consequences.

ROA.181.   *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (Solemn

declarations by the defendant, his lawyer, and the prosecutor made in open court

"carry a strong presumption of verity.").

Nonetheless, the Government did not move for a downward departure for

substantial assistance.  This constituted a breach of the plea agreement.  It is apparent

that the Government chose not to move for a downward departure based on the fact

that Soria had absconded.  But Soria was punished for that.  He lost his acceptance

of responsibility reduction and he received a 2-level enhancement for obstruction of

justice, raising his total offense level from 37 to 42.  Cf. PSR, ¶¶ 25, 26 in initial

PSR, ROA.208, with final revised PSR, ¶¶ 17, 23, 24, ROA.251.   The issue of

whether or not a defendant is entitled to acceptance of responsibility is a separate

and distinct issue from whether he has given substantial assistance.  Section 1B1.1

of the Sentencing Guidelines sets forth the procedure for determining the advisory

guideline range.   Step 3 directs the application of Chapter Three adjustments,

including obstruction of justice.  U.S.S.G.  § 1B1.1(a)(3) (2016).  Step 5 directs the

application, if appropriate, of an acceptance of responsibility adjustment.  U.S.S.G.

§ 1B1.1(a)(5).  After all eight initial steps have been completed, then "[t]he court

shall consider Parts H and K of Chapter Five, Specific Offender Characteristics and

*Departures*[.] U.S.S.G.  § 1B1.1(b).  *See United States v. Rose,* 176 F. Supp. 2d 661,

10

666 (N.D. Tex. 2001) ("The making . . . of a plea agreement that is at variance with the legally prescribed sentencing scheme should be avoided and rejected as inappropriate and, in effect, unlawful.").

The fact that Soria, by absconding, may have obstructed justice and lost his acceptance of responsibility, did not in any way relieve the Government of its duty to comply with its obligation to move for a downward departure pursuant to § 5K1.1. *See United States v. Hawkins,* 274 F.3d 420, 434 (6th Cir. 2001) ("We therefore conclude that the government's reasons for not filing a § 5K1.1 motion were not based on [internal quotes omitted] its rational assessment of the cost and benefit that would flow from moving, but rather on its failure to acknowledge or appreciate Hawkins' assistance."); *United States v. Hunter,* 835 F.3d 1320, 1325-26 (11th Cir. 2016) (Neither the "misrepresentation of facts" nor the "inconsistent with acceptance-of-responsibility" exceptions in the plea agreement excused the government from its obligation to recommend the acceptance of responsibility reduction); *United States v. Freemont,* 513 F.3d 884, 889 (8th Cir. 2008) ("[A] district court can compel a § 3553(e) motion if the government acknowledges the defendant provided substantial assistance, but refuses to make a motion expressly because the defendant engaged in unrelated misconduct – a reason unrelated to the quality of the defendant's assistance.").

11

And Soria's substantial rights were most certainly affected. As noted above, all parties appear to have been in agreement that had Soria not absconded, the Government would have recommended a 262 month sentence, which would have been further significantly reduced by the Government's filing of a § 5K1.1 motion. Soria's recalculated advisory guideline range after absconding was 360 months to life. PSR, ¶ 57, ROA.257. The district court sentenced him to 360 months. It is reasonable to infer that Soria's sentence would have been less than that if the Government had filed the § 5K1.1 motion, which it should have done notwithstanding Soria's decision not to show up for his initial sentencing. Additionally, "[t]he interest of justice and standards of good faith in negotiating plea bargains require reversal where a plea bargain is breached." *Keresztury,* 293 F.3d at 756.

### (e) Effect of appeal waiver

The issue of whether an appeal waiver prevents a court from addressing an appeal is reviewed *de novo. United States v. Baymon,* 312 F.3d 725, 727 (5th Cir. 2002). When the Government breaches the plea agreement, any restriction included therein as to the defendant's right to appeal, is void. *Keresztury,* 293 F.3d at 756-57.

**2.    Alternatively, the district court assessed a substantively unreasonable sentence by (1) failing to give sufficient weight to Soria's assistance to the Government in the investigation and prosecution of other cases, (2) giving too much weight to the fact that Soria had absconded, and (3) failing to consider Soria's age.**

*(a) Standard of review*

The substantive reasonableness of a sentence is generally reviewed for abuse of discretion.  *United States v. Gutierrez,* 635 F.3d 148, 154 (5th Cir. 2011). Substantive reasonableness involves a "totality of the circumstances" consideration of the factors set forth in 18 U.S.C. § 3553(a).  *United States v. Gutierrez-Hernandez,* 581 F.3d 251, 254 (5th Cir. 2009); *Gutierrez,* 635 F.3d at 154.  Guideline sentences enjoy a presumption of reasonableness.  *Gutierrez-Hernandez,* 581 F.3d at 254.  A sentence is substantively unreasonable when it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors. *Gutierrez,* 635 F.3d at 154.  The presumption of reasonableness is rebutted upon a showing that the sentence does not account for a factor that should receive significant weight.  *United States v. Sanchez,* 667 F.3d 555, 568 (5th Cir. 2012).

13

*(b) Error preservation*

Soria's recalculated advisory sentencing range (following his arrest after absconding) was 360 months to life.  PSR, ¶ 57, ROA.257.  At sentencing, Soria's trial counsel requested a downward variance to 262 months based on Soria's eighteen months of assistance to the government:

> We respectfully ask this Court for a sentence of 262 months, the original sentence in this case, and we ask the Court to take into account his cooperation, his work that he did over a period of 18 months.  That sentence is a significant sentence. It . . . will send a message to the community. It will also provide safety for the community, and it is significant but not greater than necessary. We believe that would be a just sentence in this case, when you take the totality from December of 2013 to August of 2015 and his work, as well as when you take into account for the last two years his screw-up.

ROA.180-81.  The district court chose not to grant the variance, based on the fact that Soria had absconded:

> We start off first with the guideline range, and the guideline range in your case is 360 to life, which I think is the correct interpretation of the existing -- the way things are now, which is increased because you became a fugitive.  Then the Court has to determine ultimately what the right sentence should be.  And, of course, your counsel has asked the Court to basically do a variance, and what's unfortunate in your situation is that you were looking at a lower range and the reality is that that sentence itself would have probably been cut because of your cooperation, but because you became a fugitive, that's no longer on the table.

ROA.184.

> You're a criminal history Category III, so you have some criminal history, so you're not coming to the Court with a Category I, which I

14

could see someone that's a Category I, I would look at whether to grant a variance or not. But then you have your role in this conspiracy. You had a significant role in the conspiracy and it involved a significant amount of drugs. And then you were given the opportunity to cooperate, which you did, and you were given a bond, and you violated that bond by absconding.

ROA.185.

So none of these actions give the Court any pause to say that you should get a variance, and I'm not going to grant you a variance in this case. Your record establishes what the right sentence is, and I believe irrespective of the guidelines -- even if the guideline is wrong, I think 360 is the appropriate sentence for the activities you have taken on and then the multiple violations of the trust of the Court by absconding.

ROA.186. Soria preserved error. *See United States v. Torres-Perez*, 777 F.3d 764, 767 (5th Cir. 2015) (Defendant's request for a downward variance to compensate for government's refusal to move for one-level acceptance of responsibility reduction made district court sufficiently aware of defendant's argument).

*(c) Analysis*

Prior to absconding, Soria's total offense level was 37 and his advisory guideline range was 262 to 327 months. 1st PSR, ¶ 56, ROA.214. His base offense level (based on the amount of methamphetamine for which he was held accountable) was 38; he received a 2-level § 2D1.1 (b)(5) "importation" increase; and he received a 3-level acceptance of responsibility reduction. 1st PSR, ¶¶ 18, 19, 25, 26, ROA.207-08. At the time Soria was ultimately sentenced, his drug quantity and role

in conspiracy remained the same.  Nonetheless, the district court chose not to grant the requested variance, in part because of his role in the conspiracy and the drug quantity:

> But then you have your role in this conspiracy. You had a significant role in the conspiracy and it involved a significant amount of drugs.

ROA.185.  Because these facts were nothing new, they should not have played a part in the district court's decision not to grant a variance.

Certainly, the fact that Soria absconded needed to be taken into account.  But, as noted above (see Issue 1(d)), it was accounted for.  He received what amounted to a 5-level upward increase in his total offense level.  Therefore, because his absconding had already raised his total offense level, this was not a basis for the district court's denial of his request for a downward variance based on the assistance he had previously rendered the Government.

Additionally, the district court appeared to take the position that Soria's absconding somehow *precluded* the court from giving him credit for the assistance he had rendered:

> [W]hat's unfortunate in your situation is that you were looking at a lower range and the reality is that that sentence itself would have probably been cut because of your cooperation, but *because you became a fugitive, that's no longer on the table.*

ROA.184.  If the court believed it could only reduce Soria's sentence based on a request to do so by the Government under § 5K1.1, the court was mistaken.  A

16

district court has the authority to include a defendant's cooperation as a factor in fashioning an appropriate sentence, irrespective of whether or not the Government files a § 5K1.1 motion.[3]  *United States v. Robinson,* 741 F.3d 588, 599 (5th Cir. 2014).  If on the other hand, the court chose not to consider Soria's cooperation for no other reason than that he had absconded, given that (1) all parties believed his cooperation to be substantial and (2) his guideline range had already increased significantly, the court's decision constituted a failure to "account for a factor that should have received significant weight."  *See United States v. Howard,* 773 F.3d 519, 531 (4th Cir. 2014) (District court abused its discretion by imposing a life sentence on a 41-year old defendant by "focusing too heavily" on his juvenile criminal history "at the expense of a reasoned analysis of other pertinent factors.").

Soria's trial counsel also asked the district court to consider Soria's age in requesting a variance:

> I know this, a sentence of 360 months for a 41 year old man is a life sentence. He, in essence, will be about 68 and a half years old before he is released.

ROA.180.  The district judge did not respond to this argument, although he noted that Soria was "not a young man."  ROA.185.  In *United States v. Payton,* 754 F.3d 375 (6th Cir. 2014), the Sixth Circuit noted:

> The Sentencing Commission has observed that "[r]ecidivism rates decline relatively consistently as age increases."  Recent analysis from

---

[3] This is a procedural error.  *Robinson,* 741 F.3d at 599.

17

the Bureau of Justice Statistics considering the recidivism rates of released prisoners in 30 states (including Michigan) from 2005 to 2010 supported the Commission's conclusion, finding decreased recidivism rates as prisoners age. . . . [O]bservers of the criminal justice system have long acknowledged the "key" argument "that elderly offenders pose so low a risk to the public that long or otherwise harsh sentences have little to no utilitarian benefit." Indeed, they observe that "because of health or other reasons, elderly offenders have the lowest rate of recidivism of all types of offenders[.]"

*Id.* at 378-79. Soria's trial counsel requested a variance down to a 262 month sentenc. This would make Soria about sixty-three years of age when released. Given these circumstances, the district court's assessment of a 360-month sentence was much greater than necessary to accomplish the goals of sentencing. See 18 U.S.C.A. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of [sentencing.]").

**3. Soria's waiver of appeal should not be enforced because the district court did not follow the plea agreement.**

*(a) Background*

As the PSR correctly noted, if the district court had chosen to follow the plea agreement, Soria's total offense level would have been 37, and his advisory guideline range would have been 262-327 months:

18

If the Court follows the terms of the Plea Agreement, the total offense level would be 37, the criminal history category would be III, and the guideline range for imprisonment would be 262 to 327 months.

PSR, ¶ 58, ROA.257; see also Plea Agreement Addendum, ROA.197-98.

Obviously, the district court did not follow the plea agreement. The court instead adopted the revised PSR (Total offense level of 42 and advisory sentencing range of 360-life) and sentenced Soria to 360 months in prison. ROA.184, 186-87, 267. Nonetheless, the district judge expressed his belief that he was, in fact, following the plea agreement:

And of course, Mr. Soria, you pleaded guilty to count two, conspiracy to possess with the intent to manufacture and distribute methamphetamine, pursuant to a plea agreement. To the extent I had not fully accepted the plea agreement, *I will fully accept that plea agreement now.*

ROA.178.

### (b) United States v. Self

In *United States v. Self*, 596 F.3d 245 (5th Cir. 2010), the defendant pled guilty pursuant to Rule 11(c)(1)(C) to a plea agreement that called for a specific sentence. *Id.* at 247. However, the PSR characterized the defendant as a career offender and recommended a much longer sentence than had been specified in the plea agreement. *Id.* The defendant initially objected but withdrew his objection at sentencing. *Id.*

19

The district court gave the defendant an opportunity to withdraw his guilty plea (defendant declined), and then stated that the court would follow the plea agreement *except for* the agreed upon sentence. *Id.* The defendant argued on appeal that he was entitled to a sentence reduction because the district court accepted the plea agreement but did not comply with its terms. *Id.* at 248. The Government argued on the other hand that the defendant had waived his right to appeal in the plea agreement. *Id.* at 247. The Fifth Circuit, reviewing for plain error, held that because the district court did not follow the plea agreement, the defendant was not bound by the waiver of appeal provision, and vacated the conviction and remanded the case back to district court for the defendant to be re-sentenced by a different judge:

> Because we conclude . . . that the district court rejected the plea agreement *in toto*, Self's waiver of rights in that agreement does not bar his appeal.

*Id.* at 247.

> Although we have found no case in our Circuit that explicitly addresses whether a plea agreement may be accepted or rejected on a piecemeal basis, based on the language of Rule 11, we conclude that it cannot. . . . By rejecting the agreed-to sentence of 87 months on Count III, the district court constructively rejected the plea agreement *in toto*.

*Id.* at 249.

> The district court's error substantially affected Self's rights. He bargained for 171 months' imprisonment in exchange for cooperating with the Government and agreeing to other conditions imposed by the plea agreement. But instead of that bargained-for outcome, Self was subjected to an altogether different bargain-one of the district court's

20

making. Had the district court rejected Self's plea agreement *in toto* and sent the parties back to the drawing board, we cannot say what agreement they might have struck.

*Id.* at 250.

> Failure to properly inform Self that the entire plea agreement was being rejected, compounded by the district court's error in re-imposing all of the terms of the plea agreement on Self, except for the agreed-to sentence under Rule 11(c)(1)(C), requires reversal because such error "seriously affects the fairness, integrity or public reputation of judicial proceedings." . . . The proper remedy is to vacate Self's conviction and sentence and allow him to proceed before a different judge.

*Id.* at 250.

### (c) Analysis

The instant case is a permutation of *Self.* In *Self,* the district court deliberately chose to accept part of the plea agreement and yet reject another part. In the instant case, the district court believed it was fully following the plea agreement but it was not. When a district court rejects a plea agreement by not fully complying with its terms, the defendant's waiver of rights in the agreement "does not bar his appeal." *Self,* 596 at 247; *see also United States v. Skidmore,* 998 F.2d 372, 375-76 (6th Cir. 1993) (improper for district court to rewrite plea agreement).

21

## **Relief Sought**

Because the Government breached the plea agreement, Soria requests the remedy of specific performance; i.e., that the Government move for a downward departure based on Soria's substantial assistance.  Alternatively, Soria requests that his sentence be vacated due to the district court's substantive sentencing errors. Soria requests non-enforcement of the waiver-of-appeal provision in the plea agreement.

Respectfully submitted,

/s/ John A. Kuchera

John A. Kuchera
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
Attorney for Appellant

**Certificate of Service**

I certify that on the 11th day of June, 2018, I electronically filed the foregoing with the Fifth Circuit Court of Appeals using the CM/ECF system which will send notification of such filing to the following:

Mr. Ernest Gonzales
Assistant United States Attorney

/s/ John A. Kuchera
John A. Kuchera

**Certificate of Compliance With Rule 32(a)**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains 4,799 words, excluding the parts of the brief exempted by Fed. R. App. P 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P 32(a)(5) and the type style requirements of Fed. R. App. P because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman, size 14 font.

/s/ John A. Kuchera
John A. Kuchera

Attorney for Luis Manuel Soria

Dated:  June 11, 2018