**No. 17-41150**

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS MANUEL SORIA,

Defendant-Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Texas
Sherman Division
No. 4:13-CR-000281-11

**APPELLEE UNITED STATES OF AMERICA'S MOTION
TO SUMMARILY DISMISS APPEAL, OR, ALTERNATIVELY,
FOR AN EXTENSION OF TIME TO FILE MERITS BRIEF**

The United States moves the Court to summarily dismiss

Luis Manuel Soria's appeal of his criminal conviction because the

appeal is barred by the appellate waiver in Soria's plea agreement,

and even if not barred, Soria is clearly not entitled to relief. If the

Court denies this motion, then the government asks for a 30-day

extension of time to file its brief.

1

## I. Facts and Proceedings

A grand jury charged Soria and others in count two of a second superseding indictment with conspiring to possess with the intent to distribute 500 or more grams of a substance containing methamphetamine or 50 or more grams of actual methamphetamine. ROA.138-39. Soria entered into a written plea agreement with the government to plead guilty on that charge. ROA.190.

Key to this appeal, the plea agreement and the addendum to it contained the following provisions:

8. **VIOLATION OF AGREEMENT: The defendant understands that upon violation of any provision of this agreement or any Court order or rule,** or if the guilty plea pursuant to this agreement is vacated or withdrawn, **the government will be free from its obligations under this agreement** and may prosecute the defendant for all offenses of which it has knowledge. . . . ROA.193 (emphasis added).

10. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to

appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel. ROA.194.

2.  **DEFENDANT'S COOPERATION:** The defendant shall give truthful and complete information and/or testimony concerning the defendant's participation in the offense of conviction and knowledge of other criminal activities. **The defendant shall not violate any other state or federal law or take any actions that would obstruct the government's investigation into the offense of conviction or other criminal activities of which the defendant has knowledge**. . . . **The defendant also agrees to comply with all relevant orders and rules of the Court.** The government will advise the Court of the extent of the defendant's cooperation. Failure to comply with this section can result in prosecution for the charges identified in paragraph 2 of the plea agreement and for any other federal offenses that the defendant may have committed. . . . ROA.199 (emphasis added).

3.  **SUBSTANTIAL ASSISTANCE:** If, **in its sole discretion**, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others **and has otherwise complied with the terms of this agreement**, the government **may** file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or a motion for reduction of sentence pursuant to Fed. Crim. P. 35(b). **The defendant's cooperation does not automatically require the government to request a downward departure or a reduction in sentence**, and the time for filing such motion will be determined by the government. It is entirely within the Court's discretion as to what, if any, reduction in sentence the defendant will receive. ROA.199 (emphasis added).

The district court accepted Soria's guilty plea on March 6, 2015. ROA.162. The presentence report set Soria's base-offense level at 38; two levels were added under U.S.S.G. § 2D1.1(b)(5) because the offense involved the unlawful importation of methamphetamine; and three levels were subtracted for acceptance of responsibility. ROA.207-08. Soria's total offense level was thus 37, which yielded a guidelines range 262-327 months' imprisonment.  ROA.216. The probation office recommended a 262-month sentence. ROA.216.

The court set Soria's sentencing for August 18, 2015. ROA.12. But Soria went on the lam and did not show up. ROA.168-170. It took two years for authorities to track him down; according to the prosecutor, agents found him because he was again involved in a large drug transaction. ROA.182.[1] The probation office prepared a new presentence report. ROA.244. Again Soria's base-offense level was 38, with two levels added for unlawful importation. ROA.250-

---

[1] At sentencing, the prosecutor offered to call the case agent to testify that Soria had returned to the drug trade while a fugitive, but the district judge said "I don't need that." ROA.182

51. But because Soria had absconded, two levels were added for obstruction of justice under U.S.S.G. § 3C1.1, ROA.251, and Soria lost the three-level reduction for acceptance of responsibility. ROA.251. This brought Soria's total offense level to 42, which yielded a guidelines range of imprisonment of 360 months to life. ROA.251, 264. The probation office recommended a 360-month sentence, and that is the sentence the district judge imposed. ROA.109, 264.

## II. Motion to Summarily Dismiss

This Court enforces broad appellate waivers. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). In determining whether an appeal waiver will be enforced, the Court looks to "whether the waiver was knowing and voluntary and whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue." *United States v. Keele*, 755 F.3d 752, 754-55 (5th Cir. 2014). Waivers are interpreted like contracts. *Bond*, 414 F.3d at 545.

The appeal waiver in Soria's plea agreement was broad. *See United States v. Molina*, 543 F. App'x 480, 481 (5th Cir. 2013) (unpublished). He waived the right to appeal his conviction or sentence "on all grounds," reserving only the right to appeal "any punishment imposed in excess of the statutory maximum" and any "claim of ineffective assistance of counsel." ROA.194 (Plea Agreement ¶ 10).

"A waiver is both knowing and voluntary if the defendant indicates that he read and understood the agreement and the agreement contains an 'explicit, unambiguous waiver of appeal.'" *Keele*, 755 F.3d at 764-55. The waiver in Soria's plea agreement is clear and unambiguous, and Soria signed a written statement at the end of the agreement attesting that he "carefully reviewed every part" of the agreement with his attorney and that he "fully understood it" and "voluntarily agree[d] to it." ROA.196.

The district judge specifically addressed the appeal waiver at the change-of-plea hearing. *See* Fed. R. Crim. P. 11(b)(1)(N) (court must ensure that defendant understands any appellate waiver in a

plea agreement). The judge explained that under the plea agreement Soria preserved his right to appeal in only "two limited situations." ROA.152. Soria affirmed that he understood that. *Id.* Soria's waiver was knowing and voluntary under these circumstances. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) ("Nowhere in the record is there any indication that [the defendant] did not understand or was confused by the waiver-of-appeal provision").

The claims raised by Soria on appeal do not fall within the narrow issues he preserved. He does not contend that the sentence he received is in excess of the statutory maximum. Nor could he. The statutory maximum under 21 U.S.C. § 841(b)(1)(A) is life, and Soria was sentenced to 360 months. ROA.109. Nor does Soria assert a claim of ineffective assistance of counsel.

The claim Soria does assert is weak. He argues for the first time that the government somehow "breached" the plea agreement because the government did not move for a downward departure under U.S.S.G. § 5K1.1 even though he says that he cooperated.

The plea agreement plainly provided, however, that the decision to file such a departure motion was not automatic and was for the government to make "in its sole discretion[.]" ROA.199 (Plea Agreement ¶ 8). "If the Government retains sole discretion to file the motion, its refusal to file is reviewable only for unconstitutional motives such as the race or religion of the accused." *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996); *United States v. Martinez*, 429 F. App'x 402, 403-04 (5th Cir. 2011) ("Because Martinez neither shows that the Government bargained away its discretion to file a § 5K1.1 motion nor argues that the Government acted with unconstitutional motive, his downward departure claim is not reviewable"). Soria does not assert that the government was motivated by unconstitutional considerations.

Actually Soria was the one who breached. By signing the plea agreement Soria "agree[d] to comply with all relevant orders and rules of the Court." ROA.199. And the court had earlier, on December 20, 2013, entered an order setting Soria's conditions of release which required him to, among other things, "appear in

court as required and, if convicted, [to] surrender as directed to serve a sentence that the court may impose." ROA.325-27. Soria obviously failed to comply by absconding and missing his August 18, 2015 sentencing. ROA.168-170. And under the terms of the plea agreement Soria's violation meant that the government was "free from its obligations under [the] agreement[.]" ROA.193.

Moreover, the substantial-assistance provision expressly conditioned the government's discretionary determination to file a motion for downward departure on Soria's compliance "with the terms of this agreement," ROA.199, which Soria did not comply with by (1) absconding and (2) continuing to engage in illicit drug trafficking while a fugitive. ROA.182 (prosecutor: "during that two year period that he was a fugitive from this Court, he went back to distributing large quantities of drugs"); ROA.198 (Plea Agreement Addendum ¶ 2: "The defendant shall not violate any other state or federal law or take any actions that would obstruct the government's investigation into the offense of conviction or other criminal activities of which the defendant has knowledge").

### III.  Conclusion

Soria's appeal is barred by the appellate waiver in the plea agreement. Soria's argument that the waiver does not apply because the government "breached" the plea agreement by not filing a § 5K1.1 motion after Soria fled from justice is baseless.  The Court should summarily dismiss this appeal. In the alternative, if the Court denies this motion, the government respectfully requests an additional 30 days to file its appellee's brief, running from the date of the Court's denial.

Respectfully submitted,

Joseph D. Brown
United States Attorney
Eastern District of Texas

/s/ *Bradley Visosky*
Bradley Visosky
Assistant U.S. Attorney
101 E. Park Blvd., Suite 500
Plano, Texas 75074
Telephone: (972) 509-1201

## Certificate of Conference

On July 5, 2018, I conferred with John Kuchera, counsel for Appellant Lonnie Soria, about the relief requested in this motion. Mr. Kuchera said that he is opposed to the government's motion for summary dismissal but is not opposed to the alternative request for an extension of time for the government to file its brief if the motion is denied.

*/s/ Bradley Visosky*
Bradley Visosky

## Certificate of Service

On July 11, 2018, I electronically filed this motion with the clerk through the Fifth Circuit's electronic-filing system, which will serve Mr. Kuchera with an electronic copy. I will also send two paper copies of the motion to Mr. Kuchera by U.S. mail at the following address: 210 N. 6th St., Waco, Texas 76701.

/s/ *Bradley Visosky*
Bradley Visosky

## Certificate of Compliance

1.   This motion complies with the length limits of Fed. R. App. P. 27(d)(2)(A). It contains 1,682 words, excluding the parts exempted.

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). It was prepared using Microsoft Word in a proportionally spaced typeface in 14-point size.

/s/ *Bradley Visosky*
Bradley Visosky

## <u>Certificate Related to Fifth Circuit Rule 25.2</u>

I certify under Fifth Circuit Rule 25.2 that (1) all required privacy redactions have been made from this document; (2) this electronically submitted document is an exact copy of the paper document; and (3) this document has been scanned for viruses with the most recent version of commercially available virus-scanning software and is free of viruses.

<u>/s/ *Bradley Visosky*</u>
Bradley Visosky