# No. 17-41150

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

UNITED STATES OF AMERICA,
Plaintiff - Appellee

v.

LUIS MANUEL SORIA,
Defendant - Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Texas, Sherman Division
U.S.D.C. No. 4:13-cr-000281-11

_____

**APPELLANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S
MOTION FOR SUMMARY DISMISSAL[1]**

TO THE HONORABLE JUDGES OF UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT:

Now comes LUIS MANUEL SORIA ("Soria"), Appellant, by and through

undersigned counsel, pursuant to Fed. R. App. P. 27(a)(3), and files this response in

opposition to the government's motion for summary dismissal ("motion").  The

Government argues that Soria's appeal should be dismissed based on the appellate

---

[1] The Fifth Circuit notice characterizes the Government's motion as a motion for "summary affirmance."  It is not.  The words "affirm" and "affirmance" do not appear anywhere in the Government's motion.

1

waiver in his plea agreement. Motion 1. The Government further argues that even if Soria's appeal is not barred for that reason, "Soria is clearly not entitled to relief." Motion 1.

*(a) Summary dismissal law*

The Fifth Circuit Local Rule regarding summary dismissal reads in relevant part as follows:

> **42.2 Frivolous and Unmeritorious Appeals.** *If upon the hearing of any interlocutory motion or as a result of a review under 5th CIR. R. 34, it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed.*

Fed. R. App. P. 42, *Fifth Circuit Local Rule 42.2.* An appeal is frivolous when it lacks an arguable basis in law or in fact; it advances "inarguable legal conclusions" or "fanciful factual allegations." *Tafari v. Hughes,* 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).

Soria argued in his principal brief that because (1) his plea agreement provided for the possibility of a U.S.S.G. § 5K1.1 downward departure for upon Soria's rendering substantial assistance to the Government, and (2) it was beyond dispute that he did in fact render substantial assistance, the Government breached the plea agreement by not moving for a downward departure (making the waiver-of-appeal provision unenforceable), notwithstanding the fact that Soria absconded and did not

appear at his initial sentencing hearing. Appellant's Br. 8-11. The issue of whether the Government has breached a plea agreement is a question of law, subject to de novo review. *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014). An appeal on a matter of law is frivolous where none of the legal points are arguable on their merits. *Anders v. California,* 386 U.S. 738, 744 (1967).

*(b) Soria's argument raised for the first time on appeal*

The Government contends that Soria's breach of plea agreement argument is "weak" (not frivolous) and that he is making the argument for the first time on appeal:

> The claim Soria does assert is weak. He argues for the first time that the government somehow "breached" the plea agreement because the government did not move for a downward departure under U.S.S.G. § 5K1.1 even though he says he cooperated.

Motion 7.

Although the Government doesn't say it in so many words, by using "for the first time on appeal" language, the implication is that Soria must show plain error, i.e., that his substantial rights have been affected. Not so. The showing a defendant must make to obtain the usual remedies for breach of a plea agreement under plain error review, and the showing he must make to obtain non-enforcement of a plea agreement are not the same. Generally, when the government breaches a plea agreement, the defendant has two possible remedies: (1) specific performance,

3

requiring that the sentence be vacated and that a different judge sentence the defendant; or (2) withdrawal of the guilty plea. *United States v. Gonzalez,* 309 F.3d 882, 886 (5th Cir. 2002). If he fails to object in district court, he must show plain error on appeal; i.e. that his substantial rights have been affected. *Puckett v. United States,* 556 U.S. 129, 135 (2009). Therefore, if Soria was trying to withdraw his guilty plea or force specific performance based on the Government's breach of the plea agreement, he would be required to show plain error which would require him to show that his substantial rights were affected by the Government's breach. *See United States v. De La Garza,* 516 F.3d 1266, 1269 (11th Cir. 2008). However, Soria does not have to show that his substantial rights were affected in order to obtain non-enforcement of the plea agreement. The Ninth Circuit points out the distinction between general remedies for government breach vis-à-vis non-enforcement of an appeal waiver:

> Gonzalez's failure to raise the breach of . . . in district court would prevent him from arguing here that he is entitled to a remedy for the breach, such as being resentenced without the government opposing the acceptance of responsibility adjustment. . . . *Gonzalez's inaction, however, has no bearing on whether the government did in fact breach the agreement for purposes of determining whether Gonzalez may bring this appeal at all.* These are two separate and distinct issues. Where the sole purpose of asserting a plea agreement breach is to avoid a waiver of the right to appeal, it would be meaningless to make such an argument below for the simple reason that district courts need not concern themselves with a defendant's appeal beyond informing him of the right. (emphasis added)

4

*United States v. Gonzalez,* 16 F.3d 985, 989-90 (9th Cir. 1993).  The law in the Fifth Circuit is the same:

> Last, the government asserts that "even if this Court finds that the Government did breach the agreement, a breach does not automatically require resentencing."    Addressing the last of the government's arguments first, we note that it misses the point. When we scrutinize the government's conduct to determine whether it manifested an exercise of its prerogative to void the plea agreement, our objective is to discover whether the defendant's waiver of his right to appeal remains effective, *not* whether resentencing is required. And, when we conclude, as we do, that the government opted to void the plea agreement (including the defendant's waiver of appeal), we are free to consider the substance of the defendant's appeal. It is the result of *this* consideration that may require resentencing.

*United States v. Keresztury,* 293 F.3d 750, 755-56 (5th Cir. 2002).

### *(c) Plea agreement void for lack of consideration?*

The Government also argues that the terms of the plea agreement did not require the Government to file a motion for downward departure, even if Soria did provide substantial assistance:

> The plea agreement plainly provided . . . that the decision to file such a departure was not automatic and was for the government to make "in its sole discretion[.]"

Motion 8.  It should be noted for starters that the Government does not in any way suggest that Soria did not in fact provide substantial assistance.  More importantly, the government's stated position in its motion renders Soria's plea agreement void for lack of consideration.

A plea bargain is a compromise; otherwise it would not be a "bargain." *Mabry v. Johnson,* 467 U.S. 504, 508 n. 8 (1984) ("It is this mutuality of advantage that perhaps explains the fact that at present well over three-fourths of the criminal convictions in this country rest on pleas of guilty[.]").  "The application of contract law to plea agreements is premised on the notion that a negotiated guilty plea represents a bargained-for quid pro quo." *United States v. Asset,* 990 F.2d 208, 215 (5th Cir. 1993).  A plea agreement without benefit or advantage to the defendant is "offensive both to the fundamental common law canons of contract construction and to the constitutional guarantee of due process." *United States v. Randolph,* 230 F.3d 243, 249 (6th Cir. 2000); *see Dillon v. United States,* 307 F.2d 445, 449 (9th Cir. 1962) (An inducement to enter a guilty plea based on an illusory promise is a violation of due process).  A defendant who purports to enter into a plea agreement that confers no benefit to him has not entered a knowing voluntary plea. *Randolph,* 230 F.3d at 250, 251 ("A defendant in Randolph's position is entitled to presume a plea agreement would confer *some* benefit on him. . . . [W]e cannot say that he entered into it knowingly and voluntarily, since he was in no way informed as to the illusory nature of the government's promise.").  Because, according to the Government, in the instant case the plea agreement allowed the Government to take away what it purportedly stipulated to, no benefit was conferred. *See United States v. Aderholt,* 87 F.3d 740, 743 (5th Cir. 1996) ("There can be no inducement when

the Government retains sole discretion."); *Murray Ohio Mfg. Co. v. Cont'l Ins. Co.,* 705 F. Supp. 442, 444 (N.D. Ill. 1989) ("The small print cannot 'taketh away' one hundred percent of what the large print 'giveth.' If it does, then a contract may have no consideration."); *Cf. United States v. Araromi,* 477 F. App'x 157, 159 (5th Cir. 2012) ("Because the plea agreement bound the Government to do something it was not otherwise required to do, Araromi has not shown that the plea agreement lacked consideration[.]").

The other purported Governmental "concessions" in the plea agreement were that the Government would not to file additional charges against Soria based on underlying and related conduct, and dismissal of any remaining charges. ROA.193. These were both illusory benefits. This is because all of Soria's underlying and related conduct would be relevant conduct – conduct for which he would be held accountable in any event:

> [A] plea agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the [relevant] conduct underlying such charge from being considered . . . in connection with the count(s) of which the defendant is convicted.

U.S.S.G. § 6B1.2(a). "This paragraph prevents a plea agreement from restricting consideration of conduct that is within the scope of §1B1.3 (Relevant Conduct)[.]" U.S.S.G. § 6B1.2, comment. The Government's agreement to move to dismiss any remaining charges against Soria at sentencing was meaningless, given that he did

not have any remaining charges.  He pled to the only count in the indictment in which he was named.

In summary, if the Government's position is that it was not in any way obligated to move for a downward departure, even if Soria provided substantial assistance, the plea agreement was void for lack of consideration.  And if so, the waiver-of-appeal provision in the agreement should not be enforced.

*(e) Downward departure motion conditioned on non-§ 5K1.1 factors?*

The Government further argues that because Soria absconded and "continued to engage in illicit drug trafficking while a fugitive," this somehow relieved the Government of any duty to move for a downward departure:

> Moreover, the substantial assistance provision expressly conditioned the government's discretionary determination to file a motion for downward departure on Soria's compliance "with the terms of this agreement," . . . which Soria did not comply with by (1) absconding and (2) continuing to engage in illicit drug trafficking while a fugitive.

Motion 9.

If the Government's intent in drafting the plea agreement was to condition its obligation to move for a § 5K1.1 on any factors not related to "substantial assistance to authorities," then that provision is in itself contrary to law.   In determining whether to grant a § 5K1.1 motion, a sentencing court may consider the following factors:

- The court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

- The truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

- The nature and extent of the defendant's assistance;

- Any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and

- The timeliness of the defendant's assistance.

USSG § 5K1.1 (2016).  The sentencing court may consider other factors *but only* if they are related to the "nature, extent, and significance of assistance." *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).   Whether Soria "complied with the terms of the agreement" has nothing to do with the nature, extent, and significance of his assistance.  *See United States v. McVay,* 447 F.3d 1348, 1355 (11th Cir. 2006) (consideration of improper factors in the context of a § 5K1.1 departure was "error as a matter of law and must be reversed").[2]

### (f) Failure to address Soria's substantive unreasonableness argument

It should be noted that Soria devoted six pages of his principal brief to arguing that his sentence was substantively unreasonable.  Appellant's Br. 13-18.  The

---

[2] *McVay* is cited with approval in *United States v. Desselle,* 450 F.3d 179, 183 (5th Cir. 2006).

Government's motion to dismiss makes no attempt to address how "Soria is clearly not entitled to relief" as to this issue.

Soria's arguments are not frivolous. The Government should be required to address them in a brief on the merits. Soria requests that the Government's motion to dismiss this appeal be denied.

Respectfully submitted,

/s/ John A. Kuchera

John A. Kuchera
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
Attorney for Appellant

## Certificate of Service

I certify that on the 16th day of July, 2018, I electronically filed the foregoing with the Fifth Circuit Court of Appeals using the CM/ECF system which will send notification of such filing to the following:

Mr. Ernest Gonzales
Assistant United States Attorney

Mr. Bradley Visosky
Assistant United States Attorney


/s/ John A. Kuchera
John A. Kuchera


## Certificate of Compliance With Rule 32(a)

1.   This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because the brief contains 2,162 words, excluding the parts of the response exempted by Fed. R. App. P 32(a)(7)(B)(iii).


2. This response complies with the typeface requirements of Fed. R. App. P 32(a)(5) and the type style requirements of Fed. R. App. P because the response has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman, size 14 font.


/s/ John A. Kuchera
John A. Kuchera

Attorney for Luis Manuel Soria

Dated:  July 16, 2018